# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42616

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2015 Unpublished Opinion No. 507** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed:  May 28, 2015** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **LISA KAY POWELL,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. David C. Nye, District Judge.

Judgment of conviction and unified five-year sentence with two-year determinate term for possession of methamphetamine, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Lisa Kay Powell was convicted of possession of methamphetamine, Idaho Code § 37-2732(c)(1).  The district court imposed a unified five-year sentence with a two-year determinate term and retained jurisdiction.  Following a recommendation from the Idaho Department of Correction staff, the district court relinquished jurisdiction.  Powell appeals, contending that her sentence is excessive and that the district court abused its discretion in relinquishing jurisdiction.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and reasonably determined that probation was not appropriate. We hold that Powell has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Therefore, Powell's judgment of conviction and sentence and the district court's order relinquishing jurisdiction are affirmed.